Jessup *et al*, Trustees v. Bridge, Dygest & Odell *et al*.

1. Mortgage of earnings by a railroad company. A Railroad Com

pany may mortgage its future nett earnings to secure the prompt payment of interest accruing on its construction bonds.

2. SAME. *Torbert* v. *Hayden, ante* cited and followed.

### Appeal from Dubuque District Court.

### TUESDAY, APRIL 23.

DEFENDANTS obtained a judgment against the D. & P. R. R. Company, and issued an execution and levied the same by garnishment upon the treasurer, freight agent and conductor of the company. This execution the plaintiffs enjoined. A motion to dissolve the injunction was overruled, and the defendants appeal.

*Bissell, Mills & Shiras* for the appellants.

I. Can a railroad company mortgage its entire effects, including the cash in hand and the future earnings of the road, and including property not yet acquired, to secure bonds not yet issued, and will such mortgage operate as a lien for advances made, or to secure bonds sold after other debts are created and other liens accrued? We hold that it cannot.

II. Can a railroad company mortgage the earnings of a road so as to keep it out of the reach of creditors of the road and receive and use said earnings. *Gatt* v. *Dibsell*, 10 Yerg. 146; Hill on Mort. 210; 230.

III. Is not such a mortgage of personal property, when the property is left in charge of the mortgagor, who is permitted to operate the road and receive the proceeds, fraudulent as to creditors of the mortgagor? *Freeman* v. *Rawson*, 5 Ohio S. 1; 2 Hill. Mort. 161; *Constant* v. *Mattison*, 2 Ill. 547.

IV. We admit that courts have decided in derogation of well established rules, that a mortgage may be given by a railroad company to cover after acquired property, such is, we think, the law only when so declared by statute. *Jones*

v. *Richardson*, 10 Met. 481; *Pierce* v. *Emery*, 32 N. H. 503, 507; 2 Hill. Mort. 96, 198, 199.

*James M. McKinlay* for the appellees, in support of the position that the company had the power to execute the mortgage to secure the construction bonds cited the following authorities: *Cox, Trustee*, v. *Pennock & Hart et al*, 6 Am. L. Reg. 27; *Ludlow* v. *Hurd et al*, decided by the Superior Court of Cincinnati; *Mitchell* v. *Winslow et al*, 2 Story's R. 630; *Pierce* v. *Emory*, 32 N. H. 484; *Phillips* v. *Winslow*, 18 B. Mon. 430.

LOWE, C. J.—The motion to dissolve was based upon the want of equity in the bill, which presents in substance the following facts, in addition to those above stated : That the nett earnings of the said road are mortgaged to them, as trustees, to secure the payment of certain bonds, $2,000,000 of which had been sold for the purpose of constructing said road, all dated the 1st of April, 1857, with interest payable semi-annually, a great part of which was due and unpaid; that a large quantity of land granted by Congress to aid in the construction of said road was included in said deed of trust; that the earnings of said road were required to operate the same, and that the surplus belonged to the trustees, to be used by them in paying the interest on said bonds; that to intercept the earnings of the road in the hands of the agents, would in effect, suspend the operation of the road; that no money came to the hands of the parties garnished, except that arising from the earnings of the road, which in fact was mortgaged to plaintiff's trustees as aforesaid.

A copy of the mortgage or deed of trust is filed with the bill and sustains its allegations.

Some points are made and discussed which do not arise out of the facts in the bill.   We are limited in our adjudication to the single question whether the bill possesses sufficient equity to authorize the injunction.   This depends upon the

validity of the mortgage, which is assailed mainly on two grounds. First, because it undertakes to convey and secure to the plaintiffs, as trustees, the future nett receipts or earnings of the road, after paying taxes, running expenses, &c., for a specified purpose, that of paying the semi-annual interest on the construction bonds. Second, because these receipts of earnings are in the nature of personal property, left in the possession of the mortgagor with the power of use and disbursement; and on that account furnish an implication of fraud, whereby the mortgage is rendered void as to intervening creditors and third persons. This last question we have settled against the appellants at this term of the court, in the case of *Torbert* v. *Hayden, ante.*

In regard to the first question it will be noted that the plaintiffs claim that they are mortgagees in trust for certain holders of bonds issued by the D. & P. R. R. Company; that the conveyance to them is in due form, executed agreeably to an authority conferred upon the company by chapter 182 of the session laws of 1857, by the terms of which the mortgage was to bind and be a valid lien upon all the property mentioned in said deed. "Among other things it is agreed by and between the parties to said instrument that after the said road and branch shall have been completed and in operation, the said party of the first part shall, after paying out of the gross earnings thereof the necessary expenses of operating the same and keeping said road and equipments in repair, and the necessary expenses of said company, and all taxes imposed by the state of Iowa, pay over quarterly to said plaintiffs the whole of the remainder of the gross earnings to be by them appropriated to the payment of the semi-annual interest on the said construction bonds," &c.

The validity of the provision of the mortgage is denied upon the ground that it pledges for specified purposes the gross earnings of the road not *in esse* at the time of the execution of the mortgage, which it is claimed cannot be done in law. This objection is based upon the authority of decisions

Jessup et al., Trustees v. Bridge, Dygest & Odell, et al.

made to the effect that a party cannot mortgage property of
which he is not possessed, and to which he has no title at
the time.    There is, however, another class of authorities re-
lating to ships at sea, and railroad companies, founded upon
public policy and the due encouragement of the enterprise
of the country, which hold the doctrine that the future earn-
ings of vessels and railroad companies, as well as property
subsequently acquired, might be pledged for a lawful purpose.
8 Price 269 ; 4 Myl. & Cr. 560 ; 6 Simons 224; 1 Hare 556 ;
32 N. H. 484; 3 Green's Ch. 377; 18 B. Mon. 431–445,
448 ; 6 Am. Law Reg. 27, 493.

As a matter of fact, it is very well known that railroads
are built with capital.    To obtain this, companies are com-
pelled to conform to the laws and customs which regulate
its use.    They are dependent in a great measure upon the
negotiation of their bonds for means to carry forward their
enterprises.    These bonds can only be negotiated by indem-
nifying as best they can the creditors for the principal debt,
and securing the periodical payment of the accruing interest.
For this purpose, as a means to an end, it becomes essential
frequently for the company to mortgage all their property
and franchises and even future earnings after paying the
necessary operating expenses.

When this has been done in good faith, to permit a third
person by means of legal process to intercept these earnings
in the hands of the servants of the company, would result
in all probability not only in suspending the construction of
such improvements, but prove destructive of the ends for
which such roads were built.    Railroads are shaping anew
and changing the social and business relations of the whole
country.    The courts can not ignore the necessity of these
improvements, nor will they allow a mere technical rule to
stand in the way of a public demand, especially when they
can make an adjudication that will subserve the purposes of
justice, of public policy, and carry out the intentions of the
contracting parties.

But we prefer to leave the affirmance of this case upon the reasoning that will be found in the above cited cases, in some of which this question is very ably discussed.

Affirmed.