# SAMUEL DAVIS, Plaintiff in Error, *v.* MARY ANN DAVIS, Defendant in Error.

## ERROR TO MONTGOMERY.

The domicil of the husband is the domicil of the wife.

It is in many cases proper and necessary for a court to appoint a special master in chancery.

It is not necessary that the evidence taken by the master should be set out in the record. If it appear from the record, that the court heard evidence, and found the allegations of the bill to be true, this is sufficient.

Where a divorce has been granted, after default taken, it has been held improper to set the default aside, since the party may have married in the meantime.

THIS was a bill for divorce, filed by defendant in error against plaintiff in error.

The bill alleges that parties were married on 27th of January, 1853; that since the marriage, defendant in error was the victim of extreme and repeated cruelty, at the hands of plaintiff in error, for more than two years since said marriage; that for more than two years since said marriage, plaintiff in error was guilty of such cruelty; that cruelty consisted in beating, choking, and pulling hair, in a cruel and inhuman manner; that plaintiff in error was, since said marriage, guilty of adultery and fornication, and of keeping the company of lewd women and visiting houses of ill-fame; that in consequence of such cruelty defendant in error was forced to leave the residence of plaintiff in error, some time in March last; that

two children are the fruit of said marriage. Prayer for divorce, alimony, custody of children, etc.

At September term, 1862, of Montgomery Circuit Court, decree was entered by default against plaintiff in error, as follows:

" And now on this day comes the said complainant, by her solicitor, and the said defendant being three times solemnly called, came not, but made default, and it appearing to the satisfaction of the court that the said defendant has been duly and personally served with process in the above entitled cause, and now on this day, the cause having been referred to Joseph T. Eccles, Esq., by order of the court, to take the testimony therein, and the said Joseph T. Eccles having made report thereon on this day to the court, and the court hearing the proof therein, and being satisfied of the truth of the allegations as in the said complainant's bill alleged and set forth; Therefore, it is ordered, adjudged and decreed by the court, that said complainant be divorced from said defendant," etc. Decree concludes by giving alimony and custody of children to defendant in error.

On the 13th of September, 1862, affidavit was filed by plaintiff in error, denying charges of bill, and saying that he knew nothing of the proceedings had in the case, etc., praying to set aside default, etc.

Motion to dismiss cause for want of jurisdiction. Motion overruled.

The cause is now brought to this Court by writ of error.

N. M. BROADWELL, for Plaintiff in Error.

The allegations of this bill are not sufficient to authorize a decree for divorce.

1st. Because it is not shown in and by the bill, that complainant was a resident of the county in which she brought her suit. This the statute requires. Rev. Stat. 1845, chap. 33, sec. 2; and see 9 Paige, 590.

2nd. Because the allegations of the bill, charging cruelty and adultery, are so loose and uncertain, that, though proved, no decree could be entered, for the proof under these allega-

tions might be, that the cruelty and adultery occurred during the first years of the marriage. Happening then, of course, subsequent cohabitation would estop the party from insisting on such stale charges.

3rd. Because the bill does not state facts, showing extreme and repeated cruelty. This must be done. 15 Ill. 121. It is true, the bill states that "the cruelty consisted in beating, choking, and pulling hair." But where and under what circumstances did this happen? Was it in sport, or in anger, and without cause? Did it happen more than once? When did it occur? Was it in the honey-moon, or in the last year of the marriage? The bill furnishes no answer to any of these questions. Nor does the bill sufficiently charge adultery. This should be alleged with such certainty as to time, place and person, that defendant may be able to meet the fact at the trial. *Wood* v. *Wood*, 2 Paige, 109.

This decree must fall because the record does not show that summons issued and was served, nor that defendant appeared. No decree is authorized in such a case. 21 Ill. 540.

A decre of divorce must be rendered upon evidence adduced to the court in some legitimate way. 14 Ill. 150. There was no such evidence in this case.

1st. Because it does not appear that Joseph T. Eccles, to whom, according to the recital in decree, the case was referred, was master, special commissioner, or any officer of court authorized to administer oaths or take testimony.

2nd. Because there is no order of reference. Without such order of record the court cannot invoke the aid of the master. When the case is sent to the master, the record must show it, otherwise the parties would not know where to go. It has even been held that the master cannot proceed under an order of reference, without a copy of the order of reference duly attested before him. 1 Barbour's Chancery Practice, 472.

H. M. Vandeveer, for Defendant in Error.

I. The bill is sufficient. The bill was filed June 3, 1862;

the allegation that defendant was compelled to leave the house of her husband in March, 1862, "in consequence of the cruelty aforesaid," fixes the *time* of the cruelty. The *character* of the acts complained of are made certain by the qualifying words " in a most cruel and inhuman manner."

II. There is no distinctive allegation of residence of defendant. The words "of the county of Madison," in the commencement of the bill, are explained and qualified in other parts of the bill by the allegation that she had been compelled to abandon the house of her husband, and was stopping temporarily with her father in Madison county.

The domicil of the husband is the domicil of the wife ; and unless there is a distinct averment of a different residence, the presumption is, that the residence of the husband is the residence of the wife. The additional record filed by agreement, shows that plaintiff was personally served with process in Montgomery county. There is enough in the bill to show his residence in that county.

The Circuit Courts are courts of general jurisdiction, and no intendments are indulged against their jurisdiction. It is not necessary to allege the facts which give the court jurisdiction. Want of jurisdiction can only be taken advantage of by plea in abatement or motion. *Henney et ux.* v. *Green,* 13 Ill. 432.

III. It is apparent from the recitals in the decree, that Eccles was appointed a special commissioner, and the case referred to him for taking the proof.

IV. The court will not open a decree of divorce entered by default as in other chancery cases, because the parties may have married a second time. *McJunkin* v. *McJunkin,* 3 Ind. 30.

The plaintiff did not file, nor offer to file, an answer.

BREESE, J. It sufficiently appears from this record, that the legal residence of the complainant was in Montgomery county, that being the county of her husband's residence. Her sojourning at the house of her father in Madison county,

did not make that county her domicil—the husband's domicil is hers.

The amended record shows that process was duly served on the defendant by copy, and by reading the summons to him, as the statute requires. The defendant was therefore in court.

We are to infer from the recitals in the decree, that Eccles was specially appointed by the court to take the testimony in this case. He was the special master in chancery for such purpose. It is quite common and necessary for a court to resort to the aid of a special master, for many purposes.

We must take it, from the recitals in the decree, that such was the office of Eccles, and the entry on the minutes of such reference, would enable the party to know where to go to hear, or exhibit testimony.

Proof was taken by this commissioner or special master, which the court deemed sufficient to prove the allegations in the bill. This complied with the law. It is not necessary that the proof should appear in the record. *Shillinger* v. *Shillinger*, 14 Ill. 150. It is sufficient that the court heard evidence and found the allegations of the bill to be true. Ib. This appears from the record.

The motion to set aside the default was properly overruled, because the affidavit stated no fact sufficiently forcible to justify it. He gave no good reason why he did not defend the suit and answer the bill.

It has been held, also, to be improper to set aside a default in such case, as in the rapid mutations of condition in society, the party prevailing may have married again. *McJunkin* v. *McJunkin*, 3 Ind. 30.

The decree is affirmed.          *Decree affirmed.*