THE CONSOLIDATED TANK LINE COMPANY

*v.*

COLLIER, ROBERTSON & HAMBLETON.

*Filed at Springfield November 28, 1893.*

:36 LRA 642

| 148 | 259 |
| 58a | 76 |
| 148 | 259 |
| 165 | 597 |
| 148 | 259 |
| 82a | 468 |
| 148 | 259 |
| 184 | 73 |
| 148 | 259 |
| 110a | 4378 |

1. ATTACHMENT—*foreign and domestic.* An attachment proceeding instituted in this State against a non-resident debtor by a creditor also a non-resident, and the service of garnishee process upon debtors residing in this State, must prevail, unless a party interpleading and claiming the right to collect the debts garnisheed shows a superior right in himself.

2. SAME—*interpleader by assignee of insolvent to writ of attachment.* A creditor of another State brought in this State suit by attachment against a firm in Iowa which had made an assignment for the benefit of its creditors, and garnisheed debtors of the firm residing in this State. The assignee filed in the attachment suit a plea of interpleader, in which the assignment was set out and alleged to be in conformity with the laws of Iowa, and that he had accepted the trust, recorded the assignment and taken possession of the property assigned, which included the firm's accounts and books of account, and the plea also alleged that he thereby was entitled to receive the debts so garnisheed,.

and that he had given the proper notices of the assignment, and had notified the garnishees, and that the plaintiff in attachment had notice of the assignment before bringing his action : *Held*, that the plea was substantially good, and showed the assignee's right to collect the debts owing by the garnishees.

3.   Such plea averred, among other things, that the deeds of assignment were, on the same day of their execution, duly acknowledged and delivered, "in accordance with the laws of the State of Iowa," etc.: *Held*, that such averment was a sufficient averment of the sufficiency of the acknowledgment under the laws of the State of Iowa.

4.   PERSONAL PROPERTY—*has no fixed situs.*   Personal property follows the person of its owner.   Debts have no *situs* or locality, and follow the person to whom they are owing.

5.   INSOLVENT DEBTOR — *assignment by foreign debtor — its validity here.*   A non-resident debtor may make a voluntary assignment with preferences among foreign creditors, and if valid in the State where made will transfer property in this State, and will be valid here, unless it be detrimental to the citizens of this State.

6.   The transfer or assignment by an insolvent debtor of the State of Iowa, of debts owing him, vesting in accounts in his books, if valid in that State will be valid here, in any controversy between citizens of that State and citizens of any other foreign State who may seek to recover the same by proceeding by attachment or garnishment.

7.   SAME,—*assignment by non-resident debtor, of accounts owing by citizens of this State—validity.*   While a transfer or mortgage of an account may be valid in Iowa, that would not, under the principle of comity, be allowed to affect a transfer, as, a mortgage of a garnisheed account, to the detriment of a citizen of this State who is a creditor of the foreign debtor, and who has sued out a writ of attachment and garnisheed the party owing the account, but such transfer, valid by the law of Iowa, may be enforced by our courts as against creditors of any other foreign State.

8.   ASSIGNMENT FOR BENEFIT OF CREDITORS — *when enforced as an equitable one.*   Where a failing debtor makes a deed of assignment of all his property for the benefit of his creditors, and the assignee takes possession and gives proper notice of the transfer, this will create an equitable assignment of the book accounts and choses in action of the assignee, which a court of law will protect as against proceedings at law by other creditors having notice of the equitable rights.

9.   CONTRACT—*validity depends on the lex loci.*   A contract valid in the country where made is valid everywhere.   This rule is based on the rule of comity.

10.   MORTGAGE—*what interest in property may pass.*   As a general rule, every species of personal property which may be sold and which

has an actual or prospective existence may be mortgaged. The rule has been applied to crops to be planted and grown, and to the future earnings of a railroad, and additions to a stock of goods.

11. SAME—*book account a subject of sale and mortgage.* An account may be sold, or an interest therein, less than an unqualified ownership of it, may be transferred. Therefore a valid mortgage may be given on a claim for money due on book account.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Hancock county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

Appellees, a firm engaged in business and residents of the county of Lee and State of Iowa, became indebted to various corporations, business firms and individuals of the State of Iowa, and on the 10th day of December, 1890, made two certain instruments in writing, by which they sought to transfer all their stock of merchandise in said county and State, and all bills receivable, judgments and book accounts owing said firm, including certain indebtedness owing them by divers citizens and residents of Hancock county, Illinois, to one J. F. Smith, a resident of Iowa. Smith entered into possession of the merchandise, notes and books, and gave notice to the different persons owing said firm, of the transfer and his claims. These instruments of writing, under and by which such transfer was sought to be made, were acknowledged, delivered and recorded in Lee county, Iowa, and were made for the purpose of securing certain creditors of Collier, Robertson & Hambleton therein named, and made certain preferred creditors.

The Consolidated Tank Line Company, a corporation organized under the laws of the State of Ohio, sued out a certain writ of attachment from the circuit court of Hancock county, Illinois, and had the same served on certain citizens and residents of that county, as garnishees, who answered, admitting certain indebtedness, and judgment was entered. J. F. Smith, by leave of court, appeared and interpleaded herein, setting up the facts under which his claim was made, by virtue of

those instruments in writing. By stipulation of the parties the various persons on whom the garnishee process was served paid their money into a certain bank agreed upon by the parties, there to remain until the litigation between the interpleader and plaintiff was determined. To the plea so filed by J. F. Smith, a demurrer was interposed by the Consolidated Tank Line Company, and sustained OVERRULED in the circuit court, and the plaintiff electing to stand by its demurrer, judgment was entered thereon. From that judgment the plaintiff appealed to the Appellate Court for the Third District, where it was affirmed, and now brings the record to this court.

Messrs. Craig, McCrary & Craig, and Messrs. Sharp & Berry Bros., for the appellant.

Mr. James C. Davis, Mr. F. T. Hughes, and Messrs. O'Harra, Scofield & Hartzell, for the appellees.

Mr. Justice Phillips delivered the opinion of the Court:

The only question presented by this record is on the demurrer to the plea, and is a controversy between a citizen of the State of Iowa and a corporation of the State of Ohio as to their right to get possession of certain money owing a firm resident of the State of Iowa, by and from citizens of Illinois. The claim of appellant is derived through a proceeding by attachment, and notice, by publication, to the firm in Iowa, and garnishee proceedings against resident debtors, with personal service on them. Its claim must prevail, there being no controversy on the part of the resident garnishees, unless the facts set up in the plea of J. F. Smith, who interpleaded therein, show a superior right in himself.

That personal property follows the person of its owner, is the rule of the common law and of this State, unless where modified by statute; and debts have no *situs* or locality, and alike follow the person to whom owing. (*Cooper et al.* v. *Beers et al.* 143 Ill. 25.) Another general rule is, that a contract

valid in the country where made is valid everywhere. This rule is a principle of comity among civilized States, based on enlightened principles of jurisprudence. A non-resident debtor may make a voluntary assignment, with preferences among foreign creditors, and if valid in the State where made will transfer property in this State, and will be held valid here, unless it be detrimental to citizens of this State. *May* v. *First Nat. Bank of Attleboro*, 122 Ill. 551; *Woodward et al.* v. *Brooks et al.* 128 id. 222.

If the indebtedness sought to be garnisheed in this case could be assigned or transferred to another by Collier, Robertson & Hambleton according to the laws of the State of Iowa, and such assignment be valid there, it would be held valid here in any controversy between citizens of that State and citizens of any other foreign State who may seek to recover the same by proceeding by attachment. The language in *Woodward* v. *Brooks, supra*, of a different import, was inadvertently used. Whilst a transfer or mortgage of an account may be valid in Iowa, that would not, under the principles of comity, be allowed to affect a transfer, as, a mortgage of the garnisheed account, to the detriment of a citizen of this State who was a creditor of Collier, Robertson & Hambleton, and who had sued out the attachment writ and proceeded by garnishment, as here; yet to hold that such transfer, valid in the State of Iowa, should not transfer this indebtedness as against a citizen of Ohio who attached and garnisheed here, would be to give the citizen of Ohio all the protection and benefits of a citizen of this State, and a different comity towards citizens of different foreign States would be thus made to prevail.

That an account for money due may be sold or mortgaged is the settled rule of Iowa. In the recent case of *Sandwich Manuf. Co.* v. *Robinson*, 83 Iowa, 567, it was held: "It is claimed by appellant that the description is insufficient, for the reason that a demand for money not earned can not be mortgaged. We do not think the claim is well founded. As

a general rule, every species of personal property which may be sold, and which has an actual or prospective existence, may be mortgaged. It is the well settled rule in this State, that a valid mortgage may be given on personal property not owned by the mortgagor and not then in existence, if he afterwards acquire it. That rule has been applied to additions to stocks of merchandise. (*Scharfenberg* v. *Bishop*, 35 Iowa, 63; *Stevens* v. *Pence*, 56 id. 258.) It has also been applied to crops to be planted and grown. (*Norris* v. *Hicks*, 74 Iowa, 525; *Wheeler* v. *Becker*, 68 id. 723; *Fejavary* v. *Broesch*, 52 id. 88.) The right of a railroad company to mortgage its future earnings was affirmed in *Jessup* v. *Bridge*, 11 Iowa, 575, although the decision was founded, to some extent, on considerations of public policy. (See, also, *Dinham* v. *Isett*, 15 Iowa, 293.) The principles which govern the cases cited are applicable to the one under consideration. That an account for money due may be sold can not be questioned, and an interest in such an account, less than an unqualified ownership of it, may be transferred. Since a valid mortgage may be given on merchandise not in existence, and on crops neither grown nor planted, we must hold that one may be given on a claim for money not earned. In such cases the mortgage attaches to the property designed to be included therein when it is brought into existence."

The substantial averments of the plea are, that "prior to December 10, 1890, the co-partnership of Collier, Robertson & Hambleton was engaged in business in the city of Keokuk, Lee county, Iowa; that while so engaged, sundry persons, residents of Hancock county, Illinois, became indebted to the said firm, which indebtedness was evidenced by open accounts on the books of said firm; that on said 10th day of December, 1890, said firm of Collier, Robertson & Hambleton, by two certain instruments in writing, transferred and set over to J. F. Smith, as trustee, certain personal property, to secure to the beneficiaries therein named, sundry debts due and owing

to the firm of Collier, Robertson & Hambleton, the description, as applied to choses in action, in the first conveyance, being as follows, to-wit: 'Also all notes and accounts belonging to the grantors, whether in process of collection or not, * * * the intention being to convey all personal property, choses in action of the grantors, as fully as if each item was mentioned, and including all books of account and the accounts therein contained;' and in the second instrument occurs the following: 'Also all notes, accounts, account books and accounts therein, including judgments, belonging to said firm, and including all the property in and about said premises, belonging to the grantors, whether named herein or not;' that each of said instruments was, on the day of its execution, filed for record in Lee county, Iowa, at Keokuk; that the Consolidated Tank Line Company had not only constructive notice of the existence of said instruments as given by the fact of recording, but also *had actual notice* of the acknowledgment, execution, and delivery of the same; that under and by virtue of said instruments, and under and by virtue of the laws of the State of Iowa, there was transferred and set over unto J. F. Smith, as trustee, the debts due from the several garnishees in this case; that under and by virtue of said instruments in writing, said J. F. Smith, as trustee, *took possession* of the books of account and evidences of indebtedness from the said several garnishees, and *prior to the service of garnishment in this case notified each of said several garnishees* that said several sums due from said garnishees to said Collier, Robertson & Hambleton had been assigned, conveyed and transferred to J. F. Smith, trustee, and that he was entitled to receive the said sums due from said several garnishees; that said Smith accepted the trust created by said instruments, and at once took the open and manual possession of the property described in said instruments, and control of the evidences of the indebtedness of the several garnishees to the firm of Collier, Robertson & Hambleton; that the Consoli-

dated Tank Line Company is engaged in business in the city of Keokuk, and the claim sued on by it grows out of a transaction arising in the State of Iowa."

Appellee insists that the plea is uncertain and insufficient; that it fails to set out the laws of the State of Iowa, and fails to show the mortgages were properly executed, according to law. The objection that the instruments were not properly executed, they being set out *in hæc verba*, is, that they are signed in the firm name, and the acknowledgment thereof to the first is:

"STATE OF IOWA, $\Big\}$ *ss.*
    *Lee County.*

. ."Be it remembered, that on this 10th day of December, 1890, before me, Nannie Smith, notary public in and for said county, personally appeared Collier, Robertson & Hambleton, by Hugh Robertson, of said firm, personally known to me to be the identical person who signed the name of said firm to the above mortgage as mortgagors, and to be a member of said firm, and acknowledged the execution thereof to be the voluntary act and deed of said firm for the purpose therein expressed, and on the same day the other members of said firm acknowledged the execution of said instrument to be the voluntary act and deed of said firm."

And the acknowledgment of the second is:

"STATE OF IOWA, $\Big\}$ *ss.*
    *Lee County.*

"Be it remembered, that on this 10th day of December, 1890, before me, Nannie M. Smith, a notary public in and for said county, personally appeared Collier, Robertson & Hambleton, by each one of said firm, and. who are personally known to me to be the identical persons who signed this mortgage, and to be a member of said firm, and one of whom who signed the name of said firm to the above mortgage as mortgagors, and acknowledged the execution thereof to be the voluntary act and deed of said firm for the uses and purposes therein expressed."

And both signed by the notary public, with seal attached. The plea contains this averment: "which instruments of writing were on the same day, to-wit, December 10, 1890, duly acknowledged and delivered, in accordance with the laws of the State of Iowa," etc. That averment was a sufficient averment of the sufficiency of the acknowledgment under the laws of the State of Iowa, in pleading.

But whether regarded as mortgages or an equitable assignment of the accounts, we hold, that with the notice that the plaintiff had, as averred in the plea, and from the intentions of the parties as they may be gathered from the instruments themselves, it was the intention of the firm to convey the accounts in trust for security, and was an equitable assignment of them, of which appellant had notice, as well as did the garnishees, and such equitable assignment should receive the protection of a court of law in that character of proceeding. *Carr* v. *Waugh,* 28 Ill. 418.

Without determining the sufficiency of the acknowledgment under the laws of the State of Iowa, but recognizing the rule in that State as declared in *Sandwich Manuf. Co.* v. *Robinson, supra,* that an account, or interest therein, may be sold, we hold that the sufficiency of the acknowledgment, as pleaded, is in conformity with the laws of the State of Iowa, and, by reason of the equitable assignment, the objection that the instruments were not properly executed is not well taken. The plea avers that "Collier, Robertson & Hambleton, in said county of Lee and State of Iowa, and in all respects in conformity with the laws of the State of Iowa, made and delivered to this interpleader, James F. Smith, who is a citizen and resident of said State of Iowa, two instruments of writing, in words and figures, to-wit:" That averment sufficiently avers the laws of the State as a matter of pleading. The demurrer was properly overruled.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*