## J. R. Smith and T. C. Wheeler, Assignees of A. Bryan & Co., v. Lamson Bros. & Co.

1. GARNISHMENT—*Upon What Funds it Attaches.*—The amount in the possession of the garnishee at the time of the service of the writ is the amount to which the process attaches, and not that which comes into his possession afterward.

Smith v. Lamson Bros. & Co.

2. FOREIGN ASSIGNMENT—*Situs of a Debt.*—The domicile of the creditor fixes the *situs* of a debt; but the rule does not permit a foreign assignment to operate to the prejudice of a domestic creditor.

**Attachment and Garnishee Process.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Judgment against interpleaders on demurrer; appeal by interpleaders. Heard in this court at the October term, 1898. Affirmed. Opinion filed May 22, 1899.

**Statement of the Case.**—A suit was begun in attachment by appellees, residents of Illinois, against Bryan and Hale, copartners as A. Bryan & Co., residents of Tennessee. The attachment writ was served upon the American Trust and Savings Bank of Chicago, Illinois, as garnishee, at 10:50 o'clock of the morning of June 15, 1896. The garnishee answered that it had on deposit in its bank a balance of $287.73 of funds of A. Bryan & Co. at the time of the service of the writ, and that on June 16, 1896, it received from A. Bryan & Co. $750 in currency and checks, from which it realized $70.40. Appellants filed an interplea, by which they claimed the entire amount of the funds held by the garnishee. They alleged by their interplea that A. Bryan & Co., who were resident and doing business in the State of Tennessee, had at six o'clock of the morning of June 15, 1896, executed a common law deed of assignment to appellants, as assignees, for the benefit of the creditors of A. Bryan & Co., and that by said deed of assignment all the property, including the fund in question, was transferred to appellants. The interplea alleges, in effect, that the $750 currency and the checks received by the garnishee on June 16th were, at the time of the assignment to appellants, still in transit and within the State of Tennessee.

Appellees demurred to the interplea. The court sustained the demurrer, and appellants, electing to stand by their interplea, the court dismissed the interplea at appellants' costs. From that judgment this appeal is prosecuted.

WILBER, ELDRIDGE & ALDEN, attorneys for appellants.

D. M. KIRTON, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The only questions presented are such as arise from the conflict of interests of the domestic attaching creditors and the non-resident assignees. The question as to the $287.73, which was in the bank of the garnishee when the writ of attachment was served, must be determined in favor of the attaching creditors. Heyer v. Alexander, 108 Ill. 385; Woodward v. Brooks, 128 Ill. 222; Juliard v. May, 130 Ill. 87; C. F. L. Co. v. Collier, 148 Ill. 259; Townsend v. Cox, 151 Ill. 62.

A further question arises, however, as to the $750 and the checks received by the garnishee on June 16th, and alleged by the interplea to have been within the State of Tennessee, although in transit to the garnishee when the assignment was made.

It is very strenuously contended by counsel for appellants that the assignment was operative as to such fund, because the fund was still within the State of Tennessee when the assignment was made, even though the courts of Illinois should decline to give effect to the assignment as to the $278.73, which was within this State when the assignment was made. We can not assent to this contention, for we perceive no good ground for distinguishing as to the different funds. They are all now within the jurisdiction of the court here. The appellants did not reduce these funds, or any part thereof, to possession in the State of Tennessee. We can see no ground for assuming, by any fiction, that possession was acquired. If it might be so assumed, then it might as well be assumed that because the domicile of the creditor fixes the *situs* of a debt, therefore the debt due from the garnishee to A. Bryan & Co. was by fiction of law located in Tennessee, and was through the assignment reduced to the possession of the assignees.

But the rule above referred to, which does not permit a foreign assignment to operate to the prejudice of a domestic creditor, is applied as well to funds, *i. e.*, debts garnisheed, as to any other species of property. C. F. L. Co. v. Collier, *supra*.

The allegations of the interplea, taken as true, show no rights as against appellees, the attaching creditors. The demurrer was properly sustained.

The judgment is affirmed.