**Ford J. Allen, Appellant, v. Eva L. Allen, Appellee.**

**Gen. No. 5,634.**

1. HUSBAND AND WIFE—*wife's domicile.* The wife's domicile follows that of the husband, where he secures sufficient accommodations and offers her a home.

2. DIVORCE—*when evidence tends to show desertion by wife.* On suit by the husband for divorce on the ground of desertion, the evidence tends strongly to show desertion by the wife for more than two years without cause, where the parties have been separated for more than two years; the husband testified, that he told the wife that she would be welcome at his new domicile, but that she refused to leave her mother; the wife admits that he offered her a home, that she never sought to resume marital relations and that she told her husband that she was willing to take half the blame of the separation; and it was stipulated that three witnesses,

if present, would testify that she stated that the fault was more hers than her husband's.

3. DIVORCE—*alimony.* On remand of divorce proceedings brought by the husband, an order for alimony retained on the first dismissal of the bill will be within the control of the court, whether it was permanent or *pendente lite,* and it must be presumed that the court's holding will conform with the requirements of the statute and the equities of the cause.

Divorce. Appeal from the Circuit Court of Lake county; the Hon. CHARLES WHITNEY, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded with directions. Opinion filed October 15, 1912.

CASTLE, WILLIAMS, LONG & CASTLE, for appellant; HOWARD P. CASTLE, of counsel.

FREDERICK Z. MARX, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

On November 17, 1911, Ford J. Allen filed a bill for divorce against his wife, Eva L. Allen, in the Circuit Court of Lake County charging desertion. She answered the bill, admitting that they were living apart, but claiming that her husband deserted her and charging him with habitual drunkenness and ill treatment, to which a replication was filed. There was a trial and at the close of complainant's proof the court made an order for alimony and solicitor's fees and dismissed the bill. Later the court set aside the decree dismissing the bill, leaving the order as to alimony standing, set the cause for hearing and heard other evidence, and dismissed the bill for want of equity, and this appeal is prosecuted to review the last decree.

The evidence shows that the parties were married June 12, 1907. He was then fifty and she twenty-five years of age. Soon after their marriage they went to live in Barrington, Lake County, Illinois, where they remained for several months, occupying furnished rooms. Their relations there were pleasant and their

accommodations sufficient. They then went to Park Ridge, where the parents of appellee resided, and built and lived in a temporary house on the lot adjoining the residence of appellee's parents. The relations of the parties were pleasant until about six months prior to the separation, which occurred November 4, 1909. Their trouble was principally about appellant's daughters, by a former marriage, who also lived in Park Ridge and for his disinclination to account to her for his whereabouts while away, ostensibly on business. Appellant then arranged for the quarters they had previously occupied in Barrington and went to live there and has lived there ever since. There is some controversy in the evidence as to what was said by the parties when they separated. Appellant testified that when he left he kissed her good-bye and told her that she would be welcome to come to him at any time in Barrington, and that she said, when he asked her to move away to some other place from her folks: "I won't do it. I won't leave my mother; I am going to stay right here." She testified that he told her he was going to their former home in Barrington and if she ever needed him to call for him. She admitted that he offered her a home and that she went to Barrington several times and often met him on the street but that she has never sought to resume their former marital relations. There was a stipulation that three witnesses if present, would testify that appellee told them that the fault of the separation was more her's than her husband's. Appellee at first denied this statement, but afterwards admitted that she told appellant that she was willing to take one-half the blame.

In Davis v. Davis, 30 Ill. 180, the general and well recognized rule of law was announced that the domicile of the husband is that of the wife and in Ashbaugh v. Ashbaugh, 17 Ill. 476, the court said: "In contemplation of law the husband and wife are one person, and her residence follows that of the husband." Again in Cooper v. Beers, 143 Ill. 25, it is said that the hus-

band's domicile is the wife's domicile and her domicile changed with his throughout their married life. Citing Story's Conflict of Laws (4th Ed.), sec. 46, and note 1, p. 58; Davis v. Davis, *supra*; Kennedy v. Kennedy, 87 Ill. 250. No case has been called to our attention announcing a different rule where the common law obtains. This then made appellant's new domicile appellee's domicile and the evidence strongly tends to show that she deserted him for the period of more than two years without just cause. We therefore conclude that the case ought to be tried again.

The order for alimony, retained on the first dismissal of the bill, was not appealed from. Whether it was permanent, as contended by appellant, or but *pendente lite,* as admitted by appellee, it will be within the control of the court on the remandment and reinstatement of the cause and we must assume that the holding of the Circuit Court on that subject will be in conformity with the requirements of the statute and the equities of the cause.

The decree of the Circuit Court is reversed and the cause remanded with the direction that the order dismissing the bill be vacated and the cause redocketed.

This cause was decided in this court before WHITNEY, J., became a member thereof, and he took no part in its decision.

*Reversed and remanded.*