Beckman v. Ash.

## No. 21,656.

### HERBERT G. BECKMAN, *Appellee*, v. MRS. JOHN ASH, *Appellant*.

#### SYLLABUS BY THE COURT.

1. ACTION—*On Foreign Judgment—Pleading Foreign Statute.* The petition alleged that the judgment sued on was rendered by a justice in an action "wherein said justice of the peace had jurisdiction of ·the subject matter under the laws of the state of Missouri and jurisdiction of the defendant." The answer averred that there was no statute authorizing such judgment to be rendered. The reply was a general denial. *Held,* that in the absence of a demurrer or motion to make the petition definite and certain it was proper to receive in evidence certain statutes of Missouri authorizing the judgment rendered.

2. SAME—*Deposition—Not Hearsay Evidence.* A request for a witness to state the fact as to a certain choice or election did not call for hearsay opinion or conclusions, or for evidence not the best, and the answer that the plaintiff's attorney elected to take a money judgment instead of the goods levied on was not objectionable as hearsay.

3. TRIAL—*No Error in Instructions.* Record examined and found to present no material error in respect to instructions.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 6, 1918. Affirmed.

*A. E. Crane,* and *R. F. Hayden,* both of Topeka, for the appellant.

*Otis E. Hungate,* and *Paul H. Heinz,* both of Topeka, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a judgment rendered in an action on a judgment. The petition sets up a transcript of the judgment which it alleges was rendered by a Missouri justice of the peace in an action "wherein said justice of the peace had jurisdiction of the subject matter under the laws of the state of Missouri and jurisdiction of the defendant," and that the plaintiff therein elected to exercise his option to recover the sum of $225, the value of the personal property found by the justice, and levied execution and applied the proceeds, which left $217.35 still due the plaintiff, for which judgment

was asked, with interest.   The answer alleged that the justice had no jurisdiction or authority to render such judgment, because there was no statute authorizing such judgment to be rendered; also, that the plaintiff received the goods involved in satisfaction of the judgment.   Objection was made to the introduction in evidence of two sections of the Missouri statute, providing that in a replevin action before a justice of the peace the plaintiff has an election to accept the property or the assessed value thereof, on the ground that the statutes of Missouri had not been pleaded as required in order to admit such proof.

True, they were not formally pleaded, but the allegation that the judgment was rendered in an action wherein the justice had jurisdiction of the subject matter under the laws of the state of Missouri, the averment of the exercise of the option, setting forth the copy of the judgment reciting such option, together with the allegation of the answer that there was no statute authorizing such judgment to be rendered, and the general denial contained in the reply, presented an issue as to the existence of such statute on which the plaintiff had the burden of proof.   There was no demurrer or motion to make definite and certain, and the strict rule followed by many courts does not apply.

"Foreign statutes or the laws of other states must be pleaded, but such statutes are not required to be stated *in haec verba*.   It is sufficient to state the substance of so much of the statute as is relied on, conciseness in pleading being commendable.   When the statute is not the foundation of the action, but comes in collaterally as evidence, the same degree of strictness in pleading it is not required." (*L., N. A. & C. Ry. Co. v. Shires*, 108 Ill. 617, syl. ¶ 12.)

In *Thomson-Houston Electric Co. v. Palmer*, 52 Minn. 174, it was held that when the laws of another state consist of mere matters of evidence "they stand on the same footing as any other fact, to be pleaded only when they are issuable, as distinguished from probative or evidential facts." (p. 178.)   It was further held that under a plea of payment it was competent for a debtor to prove that according to the laws of the state where the contract was made acceptance of the promissory note for a preëxisting debt operated as an extinguishment thereof.   In *Consolidated Tank Line Co. v. Collier et al.*, 148 Ill. 259, it was held, even in the face of a demurrer, that a

Beckman v. Ash.

plea that a certain instrument was made and delivered in all respects in conformity with the laws of the state of Iowa sufficiently averred the laws of that state as a matter of pleading. In view of the condition of the pleadings, it was not error to admit the statutes in evidence. The justice testified by deposition that the plaintiff's attorney came to him and elected to have the money judgment in the case instead of possession of the property. This was in response to a question as to what the fact was as to the plaintiff electing to take the goods or their value. In the exceptions to the deposition, this question was objected to because calling for the opinion and conclusion of the witness, and not the best evidence, and hearsay. A request to state the facts cannot be said to merit such criticism. The answer was objected to on the trial on the ground that it was hearsay. It merely stated the substance or effect of what the plaintiff's attorney said to the witness. It was not hearsay.

The court instructed that if the plaintiff took the goods in satisfaction of his judgment otherwise than by levy of an execution, or that if the defendant turned the property over to him under an election to take the property, they must find for the defendant. It seems from the record that the plaintiff elected to take the money judgment instead of the goods, and then levied execution on the latter to obtain the former. There was no evidence that he elected to take the goods in satisfaction of the judgment, nor that he took them otherwise than by levy of execution, nor that he received them under an election to take them instead of the money. The instruction was not to the effect, as claimed by the defendant in her brief, that the jury could not render a verdict for the plaintiff if they found the goods were taken by levy of execution. The defendant alleged in her answer that the plaintiff received the goods in satisfaction of the judgment, but the jury found to the contrary. There was a square conflict in the evidence on this point. The defendant seems to have been unfortunate in the entire transaction, but we find no material error in the rulings or proceedings on which she can be granted a new trial.

The judgment is affirmed.