## LOCKWOOD v. UNITED STATES STEEL CORPORATION.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. CORPORATIONS (§ 133*)—REFUSAL TO TRANSFER SHARES—RIGHT OF ACTION OF TRANSFERROR.

Where a corporation is bound to transfer shares of stock on its books, its refusal to transfer them on the request of the transferror of such shares gives a right of action for damages; for it is as much the right and duty of the transferror of shares of stock to procure a proper transfer upon the books as it is of the transferee.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 513–520; Dec. Dig. § 133.*]

2. EXECUTORS AND ADMINISTRATORS (§ 77*)—RIGHT OF EXECUTOR OVER DECEDENT'S PROPERTY.

While the executor's title to the personal property of his decedent comes, not from letters testamentary, but from the will, he can exercise no acts of ownership over such property until the will has been probated and letters testamentary have been issued.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 326–329; Dec. Dig. § 77.*]

3. EXECUTORS AND ADMINISTRATORS (§ 518*)—"LETTERS TESTAMENTARY"—PROPERTY INCLUDED—"DOMICILIARY LETTERS"—"ANCILLARY LETTERS."

Letters testamentary are of two kinds, "domiciliary letters" and "ancillary letters"; the first being issued at the place of the testator's domicile, and the latter at some place, other than domicile, where personalty of the testator is found. Such letters depend upon the situs of such personalty, and do not authorize the administrator or representative to perform any act or to reduce to possession personalty not within territorial authority of the court where issued.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2299–2309; Dec. Dig. § 518.*

For other definitions, see Words and Phrases, vol. 1, p. 384.]

4. CORPORATIONS (§ 65*)—STOCK—SITUS OF STOCK.

Corporate stock may be regarded as having its situs either at the domicile of the holder, as a chose in action, or at the domicile of the corporation, because the shares represent a part of the corporate property; hence, though the corporation maintain an office in a foreign state, which is not the domicile of the holder, the stock has no situs in that state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 165–171; Dec. Dig. § 65.*]

Appeal from Special Term, New York County.

Action by Luke V. Lockwood against the United States Steel Corporation. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed, with leave to amend.

The facts admitted by the demurrer are thus stated in the complaint: The defendant is a foreign corporation, duly organized and existing under the laws of the state of New Jersey, and it maintains in the county and state of New York an office for the purpose, among other things, of receiving certificates of its corporate stock for transfer upon its books, and of delivering new certificates, when such transfers have been made; but plaintiff has no knowledge as to whether such transfers are actually made in said office. One Mary Adelaide Zuill was, in her lifetime, the owner of 40 shares of the common capital stock of the defendant corporation, standing upon the books of the said corporation in her name. The said Mary Adelaide Zuill

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was formerly a resident of the state of New York, but removed therefrom to the Island of Bermuda, where she departed this life, a resident thereof, on the 24th day of March, 1910, leaving a last will and testament, in and by which will she appointed the plaintiff and one Henry J. Cox as the executors thereof and trustees thereunder. By a certain act of the Legislature of the Island of Bermuda, known as the "Wills Act of 1840," it was provided that every person may make or devise or bequeath all real and personal estate which he shall be entitled to at the time of his death; and, further, that every will must be signed at the foot or end thereof by the testator, and shall be made or acknowledged in the presence of two or more witnesses present at the same time, and such witnesses shall attest or subscribe the will in the presence of the testator, but no form of attestation shall be necessary. Said act was in full force and effect at the time of the execution of said will of Mary Adelaide Zuill, deceased, as well as at the time of the probate thereof, hereinafter mentioned. Said will of Mary Adelaide Zuill, deceased, was in every respect duly executed in accordance with the provisions of said statute above mentioned. Said last will and testament was duly admitted to probate by the Surrogate's Court of the county of New York, on or about the 23d day of September, 1910, and letters testamentary thereon were thereupon duly issued to the plaintiff by said Surrogate's Court; said Cox having refused and failed to qualify. Said will has not been admitted to probate in any state or country other than the state of New York, nor have any letters testamentary or of administration, domiciliary or ancillary, been granted in any other jurisdiction whatever. Said decedent left no tangible property at the place of her domicile, except a small quantity of household furniture and a few personal effects, of little or no value. The said decedent left no creditors, either in Bermuda, or in the state of New York, or elsewhere; but certain of the persons to whom bequests have been made by her said will reside in the state of New York. Said decedent at the time of her death left an estate, consisting entirely of personal property. located in the state of New York, of the value of upwards of $50,000, all of which came into the lawful possession and custody of this plaintiff. At the time of the decedent's death there was located in the state of New York, and came lawfully into the possession of this plaintiff, a certificate of 40 shares of the common capital stock of the defendant corporation above mentioned, the property of the decedent, which certificate was duly issued by the defendant in the name of the decedent, Mary A. Zuill, dated July 7, 1903, numbered F53642, duly signed and countersigned, and standing in the stock transfer books of the defendant in the name of the said decedent at the time of her death. On or about the 24th day of July, 1911, by virtue of the title, power, and authority vested in the plaintiff in and by said will, and with a view to reducing said certificate of stock to cash, this plaintiff caused to be presented and tendered to the defendant, at its stock transfer office in the city of New York, the said certificate of stock, with a duly executed power of attorney, in blank, to transfer the same indorsed thereon, accompanied by a surrogate's certificate of the issue of letters testamentary to the plaintiff, a waiver by the State Comptroller of the state of New York of notice of the transfer of said certificate, and also a certificate of the Comptroller of the state of New Jersey that the collateral inheritance tax due to said state upon said shares had been paid, and thereupon plaintiff duly tendered and offered to surrender said certificate to the defendant, and duly demanded that a new certificate be issued in the name of Baruch Bros. of New York, to the end that the said certificate and the shares of stock represented by said certificate might be transferred upon the books of the said defendant to said Baruch Bros. The defendant refuses to issue such new certificates, or to transfer upon its books the said certificate or the shares of stock represented thereby, whereby the plaintiff, as he alleges, has been damaged to the extent of the value of said shares, which damage he seeks to recover in this action.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, and DOWLING, JJ.

Raynal C. Bolling, of New York City, for appellant.
Robert L. Redfield, of New York City, for respondent.

SCOTT, J. [1] The sole question raised by the appellant is whether or not, under the circumstances above detailed, the defendant is under an obligation to transfer the stock in question on its books. If the refusal to transfer was wrongful, an action for damages is an appropriate remedy (Kortright v. Buffalo Commercial Bank, 20 Wend. 91); and the plaintiff, as transferror of the stock, is entitled to maintain the action, for it is as much the right and duty of the transferror of shares of stock to procure the proper transfer to be made upon the books of the corporation, as it is of the transferee (Webster v. Upton, 91 U. S. 65, 23 L. Ed. 384; Johnson v. Laflin, 103 U. S. 800, 26 L. Ed. 532).

[2] The question remains whether or not plaintiff ever acquired such authority respecting the 40 shares of stock as enables him to make a valid transfer thereof, which the defendant is bound to recognize and give effect to. Upon the precise question we have been referred to no direct authority, and have been unable ourselves to find any, although it is stated by counsel that the situation presented by the facts above recited is one which recurs with increasing frequency. The question is not only whether or not the plaintiff, as the executor named in the will of Mary Adelaide Zuill, has become invested with title to the stock, but whether he has become invested with authority to reduce it to possession and otherwise deal with it. It has frequently been held in tax cases that the executor's title to the personal property of his decedent comes, not from the letters testamentary, but from the will itself (People ex rel. Gould v. Barker, 150 N. Y. 52–57, 44 N. E. 785); but, before he can exercise acts of ownership, he must cause the will to be probated and letters testamentary to be issued. As was said by the Court of Appeals in Matter of Butler, 38 N. Y. 397–400:

"Upon the death of a testator, his personal property vests in his executor immediately, and the whole of it. *Before he can act*, the will must be proved, and the executor must qualify. It is, however, the will itself, and not its probate or his qualification, that transfers the title."

The real question now to be considered, therefore, is as to the plaintiff's authority to act respecting the stock, and that must be determined with reference to the authority imparted by the probate of the will in New York, and the issue of letters testamentary in that state.

[3] Letters testamentary are issued for two reasons: They may be issued at the place of the testator's domicile; the jurisdiction to issue them being found in the fact of the domicile. Such letters are known as "domiciliary letters." Or they may be issued at any place wherein personal property of the testator is found; the jurisdiction to issue them being found in the situs of the property to be administered. Such letters are known as "ancillary letters," and they are none the less ancillary because no letters testamentary may have been issued in the jurisdiction of the domicile. Cyc. vol. 18, p. 1222, and notes. The ancillary administration is not dependent upon the domiciliary;

but each is distinct and independent within the limits of its exclusive authority. Strictly speaking, an executor or administrator, whether domiciliary or ancillary, has as matter of right no extraterritorial authority; but in the case of a domiciliary executor it is established by comity between states and and nations (and in some states by statute) that, while no one beyond the jurisdiction of his appointment is bound to recognize him, yet that persons outside the jurisdiction who deal with him will be protected, at least until a demand is made upon them by a local executor. This recognition of the title of a domiciliary executor outside the jurisdiction of his appointment rests upon the rule of law that the situs of personal property is deemed to be at the domicile of the testator, and that the courts of the domicile have assumed jurisdiction over it by the issue of the letters testamentary.

The rule as to the authority of an ancillary executor is quite different. The jurisdiction to appoint him rests upon the fact that the actual situs of the testator's personal estate is within the state or county issuing the ancillary letters, and it is only over such property that the court issuing the letters has assumed jurisdiction. The authority of the ancillary executor is, therefore, strictly limited to personal property within the jurisdiction of his appointment—that is to say, to property having a situs within that jurisdiction; and this is the limit of plaintiff's authority, since his appointment is ancillary, and not domiciliary.

[4] The only remaining question is as to the situs of the property represented by the certificate of stock in the defendant corporation. That question is not open to debate in this state. The stock represents the interest which the shareholder has in the capital, and not earnings, of the corporation. This certificate of stock may be regarded as having its situs either at the domicile of the deceased, because it is a chose in action, or at the domicile of the corporation, because the shares represent an integral part of the property of the corporation; and this is quite irrespective of the question where the certificate itself may physically be. Jermain v. L. S. & M. S. R. Co., 91 N. Y. 492; In re Enston, 113 N. Y. 181, 21 N. E. 87, 3 L. R. A. 464; In re James, 144 N. Y. 12, 38 N. E. 961; In re Bronson, 150 N. Y. 1, 44 N. E. 707, 34 L. R. A. 238, 55 Am. St. Rep. 632. It follows that plaintiff's ancillary letters, granted in the state of New York, conferred upon him no authority to demand a transfer of his decedent's stock by the defendant, a New Jersey corporation, and that his complaint states no cause of action.

Hopper v. Hopper, 53 Hun, 394, 6 N. Y. Supp. 271, affirmed 125 N. Y. 400, 26 N. E. 457, 12 L. R. A. 237, is not to the contrary. That was an action *against*, not *by*, an ancillary executor appointed in this state; and the court went no further than to hold that such an executor might be sued in this state, in a transitory action, notwithstanding he had no assets of the estate in his hands. Nor is it an answer to say that an ancillary executor, appointed in this state, may sue here a nonresident debtor of the estate, if he can obtain jurisdiction by the service of process here. Fox v. Carr, 16 Hun, 434.

The demurrer in the present case goes further than to merely chal-

lenge the right of the plaintiff to sue this defendant in this jurisdiction. It goes to his whole cause of action, and challenges his right to sue anywhere. If he has no authority to make a demand with which the defendant was bound to comply, he makes no case for the recovery of damages for the refusal.

The judgment appealed from must therefore be reversed, and the demurrer sustained, with costs to appellant in this court and the court below. The objection to the complaint appears to be fundamental, and it is not apparent that any amendment will aid the plaintiff; but, if he desires to amend his complaint, he may have leave to do so within 20 days, upon payment of costs in this court and in the court below. All concur.