## LECOUTURIER v. ICKELHEIMER et al.

(District Court, S. D. New York. March 26, 1913.)

1. COURTS (§ 343*)—JURISDICTION OF FEDERAL COURTS—ABSENCE OF PROPER PARTIES.

That persons who might otherwise be proper parties to a suit cannot be made parties because of their nonresidence does not defeat the jurisdiction of a federal court to adjudicate between the parties before it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 915, 916, 919, 920; Dec. Dig. § 343.*]

2. EXECUTORS AND ADMINISTRATORS (§ 524*)—SUIT BY FOREIGN ADMINISTRATOR—INSUFFICIENT AUTHENTICATION OF LETTERS.

That foreign letters of administration are not authenticated as required by Decedent's Estate Law (Consol. Laws N. Y. 1909, c. 13) § 45, to entitle the administrator to sue under Code Civ. Proc. N. Y. § 1836a, added by Laws 1911, c. 631, is ground for staying the suit, but not for dismissal.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2330–2343; Dec. Dig. § 524.*]

3. EXECUTORS AND ADMINISTRATORS (§ 519*)—PROBATE OF FOREIGN WILLS—WHAT LAW GOVERNS—NATURE AND SITUS OF PROPERTY.

Conceding that under the law of New York personal property within the state belonging to the estate of a decedent, who at the time of his death was domiciled in a foreign country, is distributable under a will duly probated in New York, although it may be invalid in the country of decedent's domicile, assets consisting of stocks and bonds of corporations of other states are not subject to such law merely because the certificates of stock and bonds are physically within the state.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2310–2322; Dec. Dig. § 519.*]

In Equity. Suit by Henri Lecouturier, as administrator of the estate of Charles Rubens (also known as Samuel Woog), deceased, against Henry R. Ickelheimer, individually and as executor of the alleged will of Charles Rubens (also known as Samuel Woog), deceased, and others. On motion to dismiss. Motion denied.

See, also, 205 Fed. 683.

McLean, Hayward & Kelsey, of New York City, for plaintiff.

Coudert Bros. and Hoadly, Lauterbach & Johnson, all of New York City, for defendants.

WARD, Circuit Judge. [1] I have no doubt of the jurisdiction of the court to entertain this bill. Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260; Waterman v. Bank, 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80; Hayes v. Pratt, 147 U. S. 557, 13 Sup. Ct. 503, 37 L. Ed. 279; Supreme Court rule in equity 39 (29 Sup. Ct. xxix).

[2] The French letters of administration are not authenticated in accordance with the requirements of section 45 of the Decedent's Estate Law (Consol. Laws N. Y. 1909, c. 13), so as to qualify the complainant to sue under section 1836a, Code of Civil Procedure; but this is a ground for staying the suit, and not for dismissing the bill.

[3] The principal question is as to the effect of the decision of the Circuit Court of Appeals for this Circuit in Higgins v. Eaton, 202 Fed. 75. That decision holds, as I understand it, that the will of one domiciled elsewhere, though invalid there, because improperly exe-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cuted, may be probated in this state, if executed in accordance with our law, and property in this state may be distributed under it. But it was especially noted that no decision was made as to what property of the decedent was in New York.

I understand that a demurrer to this bill was argued before Judge Noyes, who was of opinion that the bill should be dismissed, but gave the complainant opportunity to amend. It is the amended bill that the defendants now move to dismiss. The amendment shows that the assets of the decedent in the state of New York consisted almost entirely of the stock and bonds of corporations of other states. This fact raises a question not considered by Judge Noyes, viz.: Are such choses in action, because physically here, property within the state, so as to be distributable under the decedent's will duly probated here? Every sovereign may, of course, by statute alter the principle of law expressed in the maxim, "Mobilia personam sequuntur;" but there is nothing to show, certainly before chapter 244, Laws of 1911, that the Legislature of this state ever intended to alter that principle in respect to the distribution of a decedent's assets.

The domicile of the decedent in this case having been in France, the probate of the will here was in the nature of things ancillary. The decision in Higgins v. Eaton makes the will effective as to assets within this state; but I do not think that the physical presence here of certificates of stock and of bonds of corporations of other states belonging to the decedent brings them within the jurisdiction of the New York courts for the purpose of distribution according to the law of New York. Lockwood v. U. S. Steel Co., 153 App. Div. 655, 138 N. Y. Supp. 725. If, because the New York executor has reduced these choses in action into possession, the New York courts may distribute them, still I think the distribution must be in accordance with the law of the decedent's domicile; that is, in this case, in accordance with the law of France governing intestacy. Matter of Hughes, 95 N. Y. 55; Cooper v. Beers, 143 Ill. 25, 33 N. E. 61, sections 2700, 2701, Code of Civil Procedure. The case raises perplexing questions, and should be disposed of after full hearing.

Motion denied.