William C. Hecht, Jr., J.
This is a motion to vacate a warrant of attachment and the levy thereunder on various grounds.
Plaintiff is ancillary administrator in this State of the will of Denis P. S. Conan Doyle, who died a resident of Switzerland. The defendant is admittedly a nonresident of this State, who has not been served with process in this jurisdiction. This is not an action to recover assets of the decedent located in the State of New York. Defendant accordingly contends that the plain *275 tiff, as New York ancillary administrator, does not possess a cause of action against him to collect his alleged indebtedness to the decedent.
It is well settled that the power of the Surrogate’s Court of this State to appoint an ancillary administrator is dependent upon the existence in the State of assets of the decedent (Matter of Rogers, 225 App. Div. 286, affd. 254 N. Y. 592). In that case Mr. Justice Pboskaueb, writing for the Appellate Division, said (p. 289): “A proceeding for ancillary administration is directed against assets within the State * * * So in the case of ancillary administration the decree can have no effect except as it may be satisfied by property within the reach of the process of our courts * * *. [An] ancillary administration in this State without assets presently here for administration would be mere brutum fulmén.”
That an ancillary administrator is limited to the collection of assets of the deceased located in this State is the view taken in leading texts (5 Warren’s Heaton on Surrogates’ Courts, § 459, 3f 1, subds. [b], [c]; 2 Jessup Redfield on Surrogates Law and Practice [Rev. ed.], § 1639).
In Fox v. Carr (16 Hun 434) the court declared that if the claim in suit did not constitute an asset of the decedent within this State, the plaintiff, as ancillary administrator appointed in this State, could not maintain the action. The court upheld the action only on the theory that the defendant, who had been personally served in this State, had brought into this State the decedent’s chose in action against him, the situs of a debt following the debtor.
In Dempsey v. Guaranty Trust Co. of N. Y. (138 F. 2d 663, cert, denied 321 U. S. 785) the Circuit Court of Appeals of the Seventh Circuit, held that a grant of ancillary letters gave the ancillary administrator only the limited authority to act in collecting and disposing of personal property within the confines of the State where he was appointed.
In Lockwood v. United States Steel Corp. (153 App. Div. 655) an ancillary administrator appointed in New York, for the estate of a decedent who died while domiciled in Bermuda, sued to compel the defendant, a New Jersey corporation, which had a transfer office in New York, to transfer to a nominee of plaintiff the shares of stock of defendant which had come into the plaintiff’s hands. The Appellate Division dismissed the complaint on the ground that “ The authority of the ancillary executor is * * * strictly limited to personal property within the jurisdiction of his appointment ” (p. 660). The court held that *276 the situs of the stock was in New Jersey and not in New York. The Court of Appeals reversed (209 N. Y. 375), holding that the existence of defendant’s transfer office in New York State constituted New York as the domicile of the corporation (p. 385) ‘ ‘ to some extent at least so far as the registry and transfer of shares thereunder are concerned ”. It is true, as plaintiff points out, that the court is an earlier portion of its opinion had said (p. 380): “ We do not perceive that it makes any essential difference in this case whether the letters of the plaintiff executor are ancillary or domiciliary. Ancillary administration in this state is regulated by statute and an ancillary executor or administrator has the same general powers as a domestic executor or administrator ”. (Italics supplied.) The fact that the court used the words ‘ ‘ in this case ’ ’ and that it went on to devote the major portion of its opinon to the proposition that the situs of the stock was in this State indicates, however, that the court did not mean to hold that an ancillary legal representative may collect assets of the decedent which are not situated within the State. What the court appears to have intended by the language previously quoted was merely that for the purpose of compelling a transfer of stock certificates physically in the possession of the ancillary administrator within this State, his powers are the same as those of a domiciliary legal representative. Apart from the fact that the quoted language was only dictum and limited to “ this case ”, the observations made therein must be deemed overruled by the subsequent affirmance by the court of the holding of the Appellate Division in Matter of Rogers (225 App. Div. 286, supra) that ancillary administration is limited to assets of the decedent physically located within the ancillary jurisdiction.
The statute referred to by the Court of Appeals was the present section 166 of the Surrogate’s Court Act, which in the same language, had formerly been section 2636 of the Code of Civil Procedure. That section appears to have been intended to refer only to the powers of ancillary representatives in matters coming within their jurisdiction. To interpret it as broad enough to confer jurisdiction upon them without the presence in this State of assets of the decedent would be utterly irreconcilable with the reasoning of the Rogers case (supra).
To permit an ancillary administrator to enforce collection of a debt due to the estate of a nonresident decedent from a nonresident, not present or served in the ancillary jurisdiction, could possibly subject the debtor to a double liability since the domiciliary legal representative might not be bound by the judgment in the action. The only case cited by plaintiff, in *277 support of his right to sue here, was decided in Delaware and is contrary to the authorities above referred to, as well as to the text writer heretofore cited.
The motion to vacate the attachment and the levy thereunder is, accordingly, granted. It is, therefore, unnecessary to consider the other grounds of the motion.