■ In the Matter of RITZ CATERERS, INC., Petitioner, against THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Respondents.— Determination unanimously confirmed and the petition dismissed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Rabin, Valente, Stevens and Noonan, JJ.

■ GEORGE E. BRADY, as Administrator of the Estate of JOHN BRADY, Deceased, Appellant, v. PATRICIA DU VIVIER, Respondent.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Rabin, Valente, Stevens and Noonan, JJ.

■ MARY O'SHEA et al., Respondents, v. CERI REALTY COMPANY, INC., Appellant.— Judgment unanimously reversed on the facts, without costs, and a new trial ordered unless plaintiffs stipulate to reduce the amounts of the recovery to $12,500 for Mary O'Shea and $1,500 for Martin O'Shea, in which event the judgment, as so modified, is affirmed, without costs. The record fails to sustain plaintiffs' claim of a fracture. Settle order. Concur — Botein, P. J., Rabin, Valente, Stevens and Noonan, JJ.

■ JOHN REILLY, Respondent, v. CHARLES K. WYGANT et al., as Executors of MARGARET CLARK, Deceased, Appellants.— Order unanimously reversed on the law and in the exercise of discretion, with $20 costs and disbursements to appellants, and the motion to dismiss the complaint is granted to the extent of declining to entertain jurisdiction, without prejudice to relief in the Surrogate's Court of Orange County in an appropriate proceeding. Undoubtedly, the Supreme Court has jurisdiction of this action brought by the brother of the decedent to enforce a contract allegedly made with decedent, during her lifetime, wherein the decedent is claimed to have promised to leave all of her property to plaintiff. (*Tutunjian* v. *Vetzigian*, 299 N. Y. 315; *Olsen* v. *Olsen*, 189 Misc. 1046; *Crempa* v. *Oakley*, 9 Misc 2d 583.) However, under the circumstances of this case the appropriate tribunal to determine plaintiff's claim is the Surrogate's Court which has concurrent jurisdiction in a suitable proceeding there. (Surrogate's Ct. Act, § 40; 1 Warren's Heaton, Surrogates' Courts [6th ed.], pp. 198–199, 212–213; see, also, *Matter of Venblow*, 2 A D 2d 365.) The will was probated in the Surrogate's Court of Orange County in a proceeding in which plaintiff was cited as a party. The estate consists of two parcels of real property located in Orange County. Complete relief can be obtained by plaintiff in an accounting proceeding in the Surrogate's Court of Orange County. Hence, a proper exercise of discretion dictated a decline of jurisdiction in this case. Concur — Botein, P. J., Rabin, Valente, Stevens and Noonan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH GRAZI, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Botein, P. J., Rabin, Valente, Stevens and Noonan, JJ.

■ JACOB GOTTLIEB v. GUSTAVE B. GARFIELD et al.— Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Rabin, Valente, McNally and Bergan, JJ.

■ DAVID S. SHINDLER v. EDMUND F. LAMB et al.— Motion for leave to appeal to the Court of Appeals granted. Settle order. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■ DAVID GARCIA et al., v. GEORGE DEIBERT.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Rabin, J. P., Valente, McNally and Stevens, JJ.

■ MAURICE SINDER et al., v. HARRY UMLAS.— Motion for leave to reargue appeal denied, with $10 costs. Concur — Breitel, J. P., Rabin, McNally and Stevens, JJ.