OYSTERMAN'S BANK & TRUST COMPANY, Appellant, v. FRED A. WEEKS,
Defendant. ALICE CALL, Respondent.—

Martuscello, Latham and Brennan, JJ., concur;
Hopkins, Acting P. J., concurs solely on the ground that appellant was without
standing to bring this proceeding. Benjamin, J., dissents and votes to affirm
the order, with the following memorandum: I think respondent had standing to
seek this stay and was entitled to it under CPLR 5208. That section provides
that no enforcement procedure shall be undertaken against a judgment debtor's
property after his death, except upon leave of the Surrogate's Court which

granted letters testamentary or letters of administration upon his estate; it further provides that, if such letters have not been issued within 18 months after the judgment debtor's death, a court which can enforce the judgment may then grant leave to enforce it. The plain purpose of this statute is to ensure an orderly and equitable distribution of a decedent's estate; and, in accomplishing that end, the Surrogate's Court will not direct the sale of realty if there is sufficient personalty in the estate to pay the judgment against the decedent (see McKinney's Cons. Laws of N. Y., Book 7B, CPLR 5208, Legislative Studies and Reports, pp. 62–66). The statute does not say who may have the standing to seek a stay of its violation. Moreover, in this case 18 months have not yet elapsed since the judgment debtor's death. There are two reasons why respondent had standing to seek this stay. *First*: She is the sole beneficiary of a will executed by the decedent a few years before his death; and no other will has been offered for probate. We may not assume (as the majority seemingly does) that this will is invalid merely because it was not offered for probate within seven months after the decedent's death and, as printed in the record on appeal, it contains only the decretal provisions without an attestation clause. Respondent may not have offered it for probate because she lived in the house with the decedent, and already had possession of it as cotenant in common. Nor is there any real significance in the absence of the attestation clause from the will as printed in the record on appeal. We may safely assume that the original will was drawn by an attorney and has a valid attestation clause because (a) the decretal part is in correct legal form; (b) it is in correct and legal phraseology; (c) the named executor is an attorney; and (d) it was recorded in the Surrogate's Court. It would seem, then, that the failure to include the attestation clause in the copy printed in the record can fairly be attributed to present counsel's neglect and nothing more. In sum, the record adequately establishes that respondent is the decedent's sole heir and thus had standing to seek the stay. *Second*: As above-noted, respondent was a cotenant in common of this property and an actual occupant of it. As such, she had a vital interest in protecting her undivided half interest and her occupancy from being linked to a stranger who might buy in the decedent's half interest at a sheriff's sale, since such buyer might be antagonistic, an undesirable neighbor, or perhaps even one who might seek to compel a partition or sale of the property. Remembering that the statute does not specify who has standing to seek a stay of this Sheriff's sale, it seems plain to me that respondent has sufficient interest in the property, as cotenant in common and occupant of the house, to acquire standing to seek a stay of the sale. In this connection it may be noted that the original statute (enacted in 1848) considered tenants of the realty as parties in interest (see Legislative Studies and Reports, *supra*). I further believe that CPLR 5208 supports the grant of this stay. The advertising and sale of this property clearly seems to be an enforcement proceeding within the meaning of that section; and the section forbids it unless the approval of the Surrogate has first been obtained. *Wood* v. *Morehouse* (45 N. Y. 368 [which sustained the sale of realty where execution had issued and the sale was advertised before the judgment debtor's death]) is distinguishable and not controlling. In *Wood* the sale proceeding had been commenced before the debtor died; in the case at bar the advertising was started after the debtor's death; and that distinction is emphasized in the Legislative Studies and Reports on CPLR 5208 (*supra*), which seemingly disapproved the holding in *Wood*. Moreover, when *Wood* was decided, in 1871, the then-existing statute did not contain the phrase "nor shall any other enforcement procedure be undertaken", which is found in the present statute (see Legislative Studies and Reports, *supra*). In sum, I believe respondent had

standing to seek the stay; she was entitled to it under CPLR 5208; and orderly, fair procedure in the administration of the judgment debtor's estate justified the grant of the stay by Special Term.