Willard W. Cass, Jr., S.
On February 17, 1971 a claim was filed against the estate of Donald L. Haggart by Mrs. Mary J. Cook, 322 Iroquois Drive, Arnold, Pennsylvania. Mrs. Cook was formerly married to Donald L. Haggart, and there were several children born of that marriage. The claim arises out of support payments for Mrs. Cook and the children of the marriage. On April 19,1952 the Court of Quarter Sessions of Westmoreland County, Pennsylvania, ordered Donald L. Haggart to pay $45 per week for the support of his wife and six children, the first payment to be due on May 3, 1952. The decedent then moved to Buffalo, New York, where a petition for support under the Hniform Support of Dependents Law was filed in the Erie County, New York, Family Court. On March 10, 1954 the Erie County , Family Court ordered the decedent to pay $30 per week for the support of the children. The parties weré divorced and the judgment of divorce failed to mention the custody of the children or any support for them. On October 28,1958 the order was modified requiring the decedent to pay $15 per week support. Then some time in 1963 the order was changed requiring the decedent to pay $12 per week and this continued until the day he died which was on June 27,1965. The claimant now contends that there is due and owing to her in all the total sum of $10,010 for support during the years from May 3,1952 to June 27,1965. The executor, Samuel B. Miserendino, has rejected this claim. The matter was then set down for a hearing by this court to take proof as to the alleged claim.
On July 10, 1972 a motion was made by the executor of the estate to dismiss the claim as a matter of law because the claim is barred by the Statute of Limitations.
The issue presented to this court, without conceding the validity of the facts constituting the claim, is whether or not the amount of the support due and owing is barred by the Statute of Limitations.
The executor cites the following statutes which apply to this case: CPLB 203 (subd. [a]) ‘‘ Accrual of cause of action and interposition of claim. The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed.” OPLB 213 u The following actions must be commenced within six years: 1. an action for which no limitation is specifically prescribed by law.” CPLB 210 (subd. [b] ‘ ‘ Death of person liable. The period of eighteen months *159 after the death, within or without the state, of a person against whom a cause of action exists is not a part of the time within which the action must be commenced against his executor or administrator.”
The executor in denying the claim, contends that the claim was not presented until February 17, 1971, and allowing six years provided by CPLR 213 and the additional 18 months provided for in CPLR 210 (subd. [b]), a gross limitation period of seven and one-half years would apply. Thus, going back seven and one-half years from the date of the claim, any installment of support which accrued prior to August 17, 1963 would be barred by the Statute of Limitations.
To bolster his position the executor cites the case of Haimes v. Schonwit (268 App. Div. 652, affd. 295 N. Y. 577). In that ease the plaintiff was a former wife of a deceased testator. She commenced an action on the theory of implied contract to recover moneys expended in the care and maintenance of a child of the marriage. Following a divorce of the parties, the husband made an agreement to pay a certain sum, monthly, for the support of the child during the course of a proceeding instituted by the wife in Domestic Relations Court, Kings County, New York. The court found that incidental to a father’s general and continuing obligation to support his child, a promise imputed to him to reimburse another who is assuming that obligation for him, he is to make immediate payment. In the case of an action for money had and received, whereby the nature of the case, the duty to pay over arises at once upon the initial payment, the cause of action accrues at once and the Statute of Limitations begins to run at once. The court further found that the six-year Statute of Limitations applied from the period when each expenditure was made and not from the date of termination of the period during which the expenditures were made.
Another decision similar to the Haimes case is Matter of Philippe (31 Misc 2d 193). In the Philippe case a divorced wife made claim for arrears under a separation agreement. The court held that if the obligation is to pay money in installments, a separate cause arises upon each installment, and a Statute of Limitations runs separately against each period.
It is significant that both of the afore-mentioned cases involved separation agreements. A separation agreement being a contract, the courts very wisely applied the six-year Statute of Limitations.
The claimant argues that the 20-year statute applied, and not the six-year statute. To support the claimant is the case *160 Matter of Bassford (91 N. Y. S. 2d 105). The Bassford case held that a claim by a former wife for alimony arrears allegedly due under a final decree was subject to the 20-year Statute of Limitations.
CPLR 105 (subd. [n]) defines a money judgment: “Money Judgment. A 1 money judgment ’ is a judgment, or any part thereof, for a sum of money or directing the payment of a sum of money ”.
CPLR 211 (subd. [b]) provides for a 20-year Statute of Limitations on a money judgment.
The Practice Commentary following CPLR 211 (subd. [b]) in McKinney’s Consolidated Laws of New York, Book 7B, indicates that CPLR 211 (subd. [b]) applies to all money judgments recovered in any court, whether of record or not, whether local or foreign.
Section 413 of the Family Court Act provides: ‘ ‘ The father of a minor child is chargeable with the support of his child and, if possessed of sufficient means or able to earn such means, may be required to pay for his support a fair and reasonable sum according to his means, as the court may determine. ’ ’
Courts are zealous to protect the rights of a wife to collect alimony payments and regard the decree awarding alimony as a “ decree 1 directing the payment of a sum of money ’ ”. (Matter of Bassford, supra, p. 113.)
Should the courts not be equally as zealous to protect the rights of the wife to collect support payments? This court thinks so.
The effect of a provision of a court order for support is to fix the obligation of a husband for the support of his wife and children and this constitutes a judgment debt.
It is, therefore, the opinion of this court that the 20-year statute applies, and the claimant may present evidence as to her proof of claim from May 3, 1952 until the decedent died on June 27, 1965. A motion to dismiss the claim made by the executor is denied.