OPINION OF THE COURT
Albert H. Buschmann, J.
Defendant moves by order to show cause to stay the levy of execution to a premises located in Bayside on the ground that no leave of this court or any other court has been obtained for the issuance of the levy of execution.
Plaintiffs recovered a judgment in the sum of $9,009.50 on August 22, 1967 against the defendant. Said judgment together with accrued interest remains unsatisfied. The judgment was filed in the County Clerk’s office in Kings County on January 27, 1969 and afterwards filed in the County Clerk’s office in this county on July 31, 1969.
*836 On July 27, 1977 a property execution was duly issued to the Sheriff of the City of New York. Pursuant to the execution, the Sheriff has levied upon all the right, title and interest of the defendant debtor in real property situated in Queens known as 208-47 30th Avenue, Bayside.
Defendant debtor on January 9, 1976 transferred all his interest in the subject parcel to his daughters, Hilda Ebling and Pearl Yale, the movants herein. Defendant debtor died on April 18, 1977. The property was scheduled to be sold on December 14, 1977 and movants made this application for a stay.
The movants contend that they are the daughters and sole distributees of the late defendant who died leaving no estate and that there have not been any proceedings within the Surrogate’s Court with respect to the estate. Movants contend that the plaintiffs failed to comply with CPLR 5208 in that no permission has been granted by either the Surrogate’s Court or this court granting the plaintiffs the right to proceed against any property of the late defendant debtor. As a result, the plaintiffs are estopped from proceeding with the sale since it is alleged that the levy of execution made pursuant to said judgment is null and void.
CPLR 5208 reads as follows: "Except where otherwise prescribed by law, after the death of a judgment debtor, an execution upon a money judgment shall not be levied upon any debt owed to him or any property in which he has an interest, nor shall any other enforcement procedure be undertaken with respect to such debt or property, except upon leave of the surrogate’s court which granted letters testamentary or letters of administration upon the estate.”
The court finds from a reading of the above, that CPLR 5208 does not apply in this case because the statute states "any property in which he has an interest” and defendant debtor had no interest at the time of his death.
The docketing of the judgment in Queens County in 1969 created a lien on the property and any subsequent transfer would necessarily be made subject to the lien of the judgment. (Knapp v McFarland, 462 F2d 935.)
The court finds that since the defendant did not have an interest in the property at the time of his death, CPLR 5208 does not apply.
The court also notes that the movants herein do not have *837 standing to seek the stay against deceased debtor on the theory that they are the sole distributees of defendant debtor. (Oysterman’s Bank & Trust Co. v Weeks, 35 AD2d 580.)
Application to stay the levy of execution is denied.