◼ ALICE GORDON, Plaintiff, v JAMES GORDON, Defendant, and ALICE EHRENREICH, Appellant.

In 1959, a judgment of separation was awarded by the Supreme Court, Queens County, which, *inter alia,* directed James Gordon (hereinafter referred to as James) to pay $1,375 per month for the support and maintenance of Alice Gordon, his wife (hereinafter referred to as Alice), and their two children. James ceased making support payments in 1965 and on May 6, 1966, Alice obtained a money judgment against him in the sum of $15,125, representing arrears for the period from June 1965 to April 1966. Thereafter, proceedings were commenced to enforce that judgment in England, where James had established a permanent residence and domicile, and an English judgment was obtained. A second judgment representing arrears in support from May 1966 to August 1973, in the principal sum of $121,000, was entered in Queens County on October 10, 1974.

No proceedings were brought to enforce that judgment. It appears that the judgments remain unsatisfied, allegedly because James secreted his assets during his lifetime.

Alice died on December 17, 1977. The appellant, Alice Ehrenreich, Alice Gordon's aunt, was appointed executrix of the estate by the Surrogate's Court, Queens County. James died in England on December 25, 1981 and his estate is being administered there.

By order to show cause, Alice Ehrenreich sought, *inter alia,* to be substituted as plaintiff in the underlying matrimonial action, to substitute the fiduciaries of James' estate as defendants, for a further money judgment, pursuant to Domestic Relations Law § 244, for accrued arrears, and for permission to execute the judgments against funds of James held by the Credit Suisse, a bank which maintains offices in New York, London and Switzerland. The Supreme Court, Queens County, denied the requested relief in all respects. Although we disagree with its reasoning, for procedural reasons the order should be affirmed, insofar as appealed from, without prejudice to further proceedings in accordance herewith.

These claims should be pursued in the Surrogate's Court. It would therefore be superfluous to grant substitution of the personal representatives in place of the deceased parties at this time in the instant Supreme Court action. The cause of action for accrued alimony and to enforce the previously obtained judgments survives James' death (EPTL 11-3.1; *Van Ness v Ransom,* 215 NY 557; *Joffe v Spector,* 27 AD2d 406) and inasmuch as the court had personal jurisdiction over James, it has personal jurisdiction over his executors (CPLR 302 [b]; *see, Rosenfeld v Hotel Corp.,* 20 NY2d 25). However, although substitution could have been directed (CPLR 1015; *see, Matter of Martz [Martz],* 12 AD2d 786; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1015.07; *cf. Topal v BFG Corp.,* 108 AD2d 849), such relief is not now necessary.

Contrary to the determination of Special Term, the claims are not time barred. The 20-year Statute of Limitations (CPLR 211 [b]) applies to court-ordered support payments that a decedent was required to, but did not, pay (*see,* CPLR 105 [q]; *Matter of Haggart,* 71 Misc 2d 157, *affd* 41 AD2d 1030). CPLR 210 (a) is designed to extend periods of limitation that would otherwise expire shortly after a plaintiff's death. It does not operate to reduce statutory periods that would otherwise have more than one year to run (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 210.02). Moreover, it is clear that the New York Statute of Limitations as the law of the forum, should govern (Restatement [Second] of Conflict of Laws § 142).

It would appear, however, that although the Supreme Court would have subject matter jurisdiction (*Matter of Malloy,* 278 NY 429), the appropriate forum for resolution of this matter is the Surrogate's Court and jurisdiction in the Supreme Court should be declined (*cf. Dunham v Dunham,* 40 AD2d 912; *Reilly v Wygant,* 11 AD2d 647; *Matter of Moody,* 6 AD2d 861; *Crempa v Oakley,* 9 Misc 2d 583). A money judgment cannot be enforced against the estate of a judgment debtor absent the permission of the Surrogate's Court (CPLR 5208). The statutory provision is designed to preclude one creditor from obtaining a preference over another (6 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 5208.08, 5208.09) and is fully applicable to property located in New York. Similarly, a claim for arrears in alimony cannot be reduced to judgment pursuant to Domestic Relations Law § 244 after the debtor spouse is dead (*see, Kahler v Searl,* 261 App Div 936; *Torr v Torr,* 24 Misc 2d 129). In the event that further proceedings in the Supreme Court are authorized by the Surrogate or are otherwise necessary (*see,* SCPA 1810), appellant may, if she be so advised, renew her motion for substitution at that time.

In order for Alice's executor to execute a judgment against property of James' estate located in the State, it will be necessary for her to seek appointment of an ancillary administrator in New York (*see,* SCPA 1607, 1608, 1609; *Matter of Riggle,* 11 NY2d 73). Of course, ancillary proceedings are dependent upon the existence of property within this State (*Leve v Doyle,* 13 Misc 2d 274, *affd* 6 AD2d 1033) and on the record before us it is unclear whether or not such assets exist in New York (*cf. Perez v Chase Manhattan Bank,* 61 NY2d 460, 469; *McCloskey v Chase Manhattan Bank,* 11 NY2d 936). Titone, J. P., Thompson, O'Connor and Rubin, JJ., concur.