In the Matter of ASSETS AMERICA, INC., Respondent, v ALISA J. BACKERT, Appellant. [836 NYS2d 641]—

In a proceeding pursuant to CPLR 5206 (e) to compel the sale of real property constituting the homestead of a judgment debtor prior to his death, Alisa J. Backert appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Parga, J.), entered October 18, 2004, which granted the petition and denied her cross application to dismiss the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the cross application is granted, the petition is denied and the proceeding is dismissed.

The petitioner is the assignee of a money judgment against Ebenezer Breed which was docketed in the Supreme Court, Nassau County, in December1995. According to the appellant, Alisa J. Backert, who owned a home with Breed as joint tenants with right of survivorship, in the fall of 2003, the petitioner began harassing Breed with calls at all times of the day and night in an attempt to collect the debt, and made misleading threats that it could subpoena investors in Backert's business and destroy her company if he did not pay. On October 6, 2003 Breed committed suicide, leaving a note referring to the pressure put on him by the efforts to collect the debt.

Two months after Breed's death, the petitioner commenced this enforcement proceeding pursuant to CPLR 5206 (e) to foreclose on the home which Breed had owned with Backert. Although CPLR 5206 (e) authorizes a judgment creditor to commence a proceeding for the sale of a homestead "against the judgment debtor," the petition failed to name, or even give notice to, any representative on behalf of the estate of Breed, the deceased judgment debtor, and the enforcement proceeding was commenced only against Backert. Nor did the petitioner comply with the unambiguous provisions of CPLR 5208 that, within 18 months after the death of a judgment debtor, no "other enforcement procedure" may be undertaken with respect to property in which the judgment debtor has an interest, "except upon leave of the surrogate's court which granted letters testamentary or letters of administration upon the estate" (*Gordon v Gordon*, 110 AD2d 623 [1985]; *see Matter of Scott*, 125 Misc 2d 1024 [1984]; SCPA 1812; *cf., Oysterman's Bank & Trust Co. v Weeks*, 35 AD2d 580, 583 [1970]; *Sylmar Holding Corp. v Steinberg*, 93 Misc 2d 835 [1978]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5208:1, at 169; 6 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 5208.08, 5208.09). The Supreme Court should have dismissed the defective proceeding and

deferred to the jurisdiction of the Surrogate's Court to ensure the orderly administration of the estate. Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.