Papadam v Rothman (2018 NY Slip Op 02002)





Papadam v Rothman


2018 NY Slip Op 02002


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Tom, J.P., Webber, Oing, Moulton, JJ.


805354/15 6059 6058

[*1]Arielle Weinberger Papadam, et al., Plaintiffs-Appellants, 
v
Ivan K. Rothman, M.D., et al., Defendants-Respondents.


Joseph C. Andruzzi, Bethpage, for appellants.
Reed Smith LLP, New York (Andrew B. Messite of counsel), for Ivan K. Rothman, M.D., respondent.
Keller, O'Reilly & Watson, P.C., Woodbury (Angela A. Cutone of counsel), for South Shore Hematology-Oncology Associates, P.C. and Leonard Kessler, M.D., respondents.



Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered August 30, 2016, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about July 11, 2016, which granted defendants' motions to dismiss the complaint, and denied plaintiffs' cross motion for summary judgment on the first cause of action, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court providently exercised its discretion in
deferring resolution of the first cause of action, which sought to remove defendant Dr. Ivan Rothman as the executor of the estate of his deceased wife, Deborah Rothman, and substitute plaintiff Papadam, decedent's daughter, as the executor, to the then pending petition in the Surrogate's Court of Nassau County, which sought identical relief. The Surrogate's Court, which has concurrent jurisdiction in matters involving a decedent's estate (see NY Const, art VI, §§ 7, 12[d]; Matter of Kaminester v Foldes, 51 AD3d 528, 529 [1st Dept 2008]), administered the settlement of decedent's estate and retained jurisdiction over the proceedings (see Reilly v Wygant, 11 AD2d 647 [1st Dept 1960]; Cipo v Van Blerkom, 28 AD3d 602 [2d Dept 2006]).
Plaintiffs' causes of action for medical malpractice, wrongful death, and lack of informed consent, arising out of treatment rendered to their late mother, were properly dismissed for lack of standing, as plaintiffs are not authorized to act on behalf of the estate (see EPTL 5-4.1; Carrick v Central Gen. Hosp., 51 NY2d 242, 251 [1980]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK