## Ilan Props., Inc. v Benishai

2024 NY Slip Op 34229(U)

November 27, 2024

Supreme Court, New York County

Docket Number: Index No. 150655/2024

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LORI S. SATTLER**          PART          **02M**

*Justice*

-------------------------------------------------------------------------X

ILAN PROPERTIES, INC.,

                               Petitioner,

                     - v -

DANIELLE BENISHAI, AS TRUSTEE OF THE BENISHAI
FAMILY CHARITABLE REMAINDER UNITRUST,

                               Respondent,

             and

HANNA HENDLER, AS THE ADMINISTRATOR OF THE
ESTATE OF DAVID BENISHAI

                         Judgment-Debtor.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150655/2024 |
| MOTION DATE | 06/27/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for                           DISMISS                 .

Petitioner Ilan Properties, Inc. ("Petitioner") commenced this turnover proceeding by filing a Petition and Notice of Petition pursuant to CPLR §§ 5225(b) and 5227 directing Respondent Danielle Benishai ("Respondent"), as trustee of The Benishai Family Charitable Remainder Unitrust ("Trust"), to turn over $746,844.35 plus interest and costs, and for entry of judgment should Respondent fail to do so. Respondent failed to timely oppose the Petition, but after it was submitted appeared for the limited purpose of filing the instant motion to dismiss pursuant to CPLR 3211(a)(2) and (8) for lack of subject matter jurisdiction and personal jurisdiction, which Petitioner opposes.

This proceeding is this latest in Petitioner's efforts to recover money following entry of a judgment ("Judgment") in a 2014 action between Petitioner and David Benishai ("Benishai"),

**150655/2024   ILAN PROPERTIES, INC. vs. DANIELLE BENISHAI, AS TRUSTEE OF THE
BENISHAI FAMILY CHARITABLE REMAINDER UNITRUST ET AL
Motion No.  002**

Page 1 of 5

[* 1]

Respondent's father. Benishai died in 2021 and Hanna Hendler ("Hendler"), his wife and Respondent's mother, was appointed administrator of his estate that year (NYSCEF Doc. No. 24). This Petition was served on Hendler in her capacity as judgment-debtor, and although Respondent's counsel, who has not filed a formal Notice of Appearance, is listed as Hendler's counsel on NYSCEF, no papers have been filed on her behalf.

As part of a related action brought by Petitioner against Respondent and other family members (*Ilan Properties, Inc. v Danielle Benishai, Itzik Aviezer, Hanna Hendler as the Administrator of the Estate of David Benishai*, NY County Index No. 653404/2022, "Fraud Action"), those defendants produced a Trust agreement (NYSCEF Doc. No. 8, "Trust Agreement") and a 2020 tax return for the Trust (NYSCEF Doc. No. 9, "2020 Tax Return"). The Trust Agreement was signed on December 10, 2012 by Benishai as Donor and Trustee. It names Respondent as "the Alternative Trustee in the event that David Benishai shall, for any reason fail to qualify or cease to serve." The instant Petition alleges that pursuant to the Trust Agreement, the Trust was required to pay Benishai certain sums in 2020 and 2021 but did not do so, and that it therefore owes Benishai's estate $746,844.35 which could be put towards satisfying the Judgment.

Respondent's motion to dismiss asserts the Petition lacks both subject matter and personal jurisdiction over Respondent. She maintains that in accordance with CPLR § 5208 Petitioner was required to seek permission from the Surrogate's Court prior to bringing this proceeding and did not do so. She further contends she was not properly served because service was made at an apartment on West 76th Street ("Apartment"), but that she lives in Tel Aviv, Israel. She annexes the lease of a Tel Aviv apartment where she states she lives and the lease of the apartment where she states she previously lived, also in Tel Aviv.

150655/2024  ILAN PROPERTIES, INC. vs. DANIELLE BENISHAI, AS TRUSTEE OF THE
BENISHAI FAMILY CHARITABLE REMAINDER UNITRUST ET AL
Motion No.  002

Page 2 of 5

2 of 5

In opposition, Petitioner first argues the Court should not consider the motion to dismiss as it was untimely. Petitioner notes that the Petition was first made returnable together with the Fraud Action, at which point Respondent's counsel, who also represents her in that action, stated he did not represent Respondent in this proceeding and could not accept service. Only after the Petition was submitted without opposition did Respondent retain the same counsel and cause this motion to be filed. As to the issue of personal service, Petitioner argues Respondent has not challenged service at the Apartment in multiple matters in the last five years, and annexes bank records received in another case in which Respondent uses the Apartment as her address (NYSCEF Doc. No. 28). Petitioner further argues Respondent lacks standing to argue that the proceeding must be dismissed due to CPLR § 5208 because Respondent has no interest in the assets of Benishai's estate.

CPLR 3211(a)(2) permits a party to move for dismissal on the ground that it lacks jurisdiction over the subject matter. CPLR § 5208 provides:

> Except where otherwise prescribed by law, after the death of a judgment debtor, an execution upon a money judgment shall not be levied upon any debt owed to him or any property in which he has an interest, nor shall any other enforcement procedure be undertaken with respect to such debt or property, except upon leave of the surrogate's court which granted letters testamentary or letters of administration upon the estate.

In *Oysterman's Bank & Trust Co. v Weeks*, 35 AD2d 580, 581 [2d Dept 1970]), the Court held that a party who co-owned real property with a deceased judgment-debtor lacked standing "to seek to stay enforcement proceedings by the judgment creditor . . . against his debtor." Here, Respondent is named in her capacity as Trustee of the Trust. She does not represent the judgment-debtor and therefore lacks standing to seek dismissal on these grounds.

150655/2024  ILAN PROPERTIES, INC. vs. DANIELLE BENISHAI, AS TRUSTEE OF THE    Page 3 of 5
BENISHAI FAMILY CHARITABLE REMAINDER UNITRUST ET AL
Motion No.  002

3 of 5

CPLR 3211(a)(8) permits a party to move to dismiss based on lack of personal jurisdiction. Personal service may be made, *inter alia*, by delivering a pleading "within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served and by . . . mailing the [pleading] to the person to be served at his or her last known residence" (CPLR § 308[2]). As set forth in the affidavit of service (NYSCEF Doc. No. 23), the process server made two attempt to serve Respondent via hand delivery per CPLR § 308(1) before leaving a copy of the Petition and Notice of Petition with the doorman of the Apartment's building and mailing same to the Apartment.

Notwithstanding the production of a lease for a residence in Tel Aviv, the Court finds Respondent's statement that she lives in Israel and not the Apartment to not be credible. Petitioner annexes Respondent's bank statements from 2023 in which she uses the Apartment as her address. Respondent was also served in the Fraud Action at the Apartment in 2022 and did not challenge this method of service (*see* NY County Index No. 653404/2022, NYSCEF Doc. No. 6). Additionally, in the Amended Petition for Letters of Administration of Benishai's estate filed by Hendler, which is an exhibit in a third proceeding before this Court, Respondent is listed as Benishai's daughter and the Apartment is listed as her "Domicile and Mailing Address" (NY County Index No. 158016/2022, NYSCEF Doc. No. 8). In the multiple matters that have been pending before this Court, Respondent has not previously represented that she lives in Israel.

Accordingly, for the reasons set forth herein, it is hereby:

ORDERED that Respondent's motion is denied in its entirety; and it is further

ORDERED that Respondent shall Answer the Petition on or before December 20, 2024; and it is further

150655/2024 ILAN PROPERTIES, INC. vs. DANIELLE BENISHAI, AS TRUSTEE OF THE BENISHAI FAMILY CHARITABLE REMAINDER UNITRUST ET AL
Motion No. 002

Page 4 of 5

ORDERED that Petitioner may reply on or before January 3, 2025, at which point the

Petition will be submitted.

This constitutes the Decision and Order of the Court.

| __11/27/2024__ | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**150655/2024   ILAN PROPERTIES, INC. vs. DANIELLE BENISHAI, AS TRUSTEE OF THE BENISHAI FAMILY CHARITABLE REMAINDER UNITRUST ET AL**
**Motion No.  002**

[* 5]